The judgment is reversed and is now entered for the defendant.

---

OPINION BY HENDERSON, J.:

---

# Bender *v.* Bender, Appellant.

*Divorce a mensa et thoro—Cruel and barbarous treatment—Evidence—Sufficiency.*

In a libel for divorce, on the ground of cruel and barbarous treatment, a decree is properly granted, where the evidence shows such a course of conduct as was calculated to give the libellant distress of mind, and to establish a case of such indignities to her person as rendered her condition intolerable and life burdensome.

Any unjustifiable conduct on the part of either the husband or the wife which so grievously wounds the mental feelings of the other or so utterly destroys the peace of mind of the other, or which defeats the legitimate ends and objects of matrimony, constitutes cruelty, although no physical or personal violence may be inflicted, or even threatened or reasonably apprehended.

*Alimony—Amount.*

An award of alimony of $45.00 per month will be affirmed, where the evidence established that the respondent has property of approximately $30,000.00 in value, and it also appears that he is a man of more than ordinary business ability and able to increase his income by his personal efforts.

A husband cannot refuse to occupy his time profitably, for the purpose of diminishing the allowance made to his wife. The

statute clearly indicates that what he earns by his occupation and labor is to be taken into consideration in fixing the allowance.

Argued April 24, 1925.　Appeal No. 208, April T., 1925, by respondent, from decree of C. P. Cambria County, December T., 1921, No. 178, in the case of Anna B. Bender v. Charles P. Bender.　Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ.　Affirmed.

Libel in divorce.　Before McCANN, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Donald E. Custer, Esq., as Master, who recommended that a decree in divorce a mensa et thoro be granted.

On exceptions to the Master's report the Court dismissed the exceptions and granted the decree.　Respondent appealed.

*Error assigned,* among others, was the decree of the Court.

*J. Earle Ogle, Jr.,* and with him *LeRoy J. Scanlan,* for appellant.

*Frank P. Barnhart,* for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

The libel in this case was for divorce a mensa et thoro.　The master filed an extended report and a supplemental report recommending a decree.　Exceptions thereto were considered by three judges of the county who sat at the argument.　The decree in favor of the complainant followed.　The trial court was satisfied by competent and adequate evidence that the defendant not only had no affection for his wife, but that he engaged in a course of conduct well calculated to give

her distress of mind and to establish a case of such indignities to the person as rendered her condition intolerable and life burdensome. An examination of the evidence satisfies us of the propriety of the decree. Little testimony was offered by the defense, and the relevant parts of that were from the respondent and two of the women in whose company he spent much of his time to the neglect of his wife, and the denials to the extent to which they were made, were not convincing to the master of the court. The manner of the respondent on the stand was characterized by the master as insolent, and his testimony certainly gives that impression to the reader. The complainant was corroborated in material respects and the fact that she finally left the respondent's home on account of his treatment of her and his association with other women, was a fact supporting her testimony: Baker v. Baker, 195 Pa. 407; Krug v. Krug, 22 Pa. Superior Ct. 572. The character of the indignities necessary to create a cause of divorce is well stated by President Judge ORLADY in Breene v. Breene, 76 Pa. Superior Ct. 568. Support as to the efficiency of the evidence is found in the opinion of Judge PORTER in Krug v. Krug, supra. It is unnecessary to go into a detailed consideration of the evidence in the case. It is sufficient to say that it supports the conclusion of the court as to the decree entered.

The court fixed the amount of alimony to be paid to the complainant at $45 per month. Exception is taken to this on the ground that the allowance is too great. The statute provides that the court may allow the wife such alimony as her husband's circumstances will admit of with the limitation that the amount so allowed shall not exceed the third part of the annual profit or income of his estate or of his occupation and labor. It is conceded that the respondent has

property approximating $30,000 in value. It also appears that he is a man of more than ordinary business ability and able to increase his income by his personal efforts. He cannot refuse to occupy his time profitably for the purpose of diminishing the allowance made to his wife. The statute clearly indicates that what he earns by his occupation and labor is to be taken into consideration in fixing the allowance, and this being done, the amount fixed is well within the statutory limitation.

The assignments of error are dismissed and the decree affirmed at the cost of the appellant.