Commonwealth ex rel. Mazon, Appellant, *v.* Mazon.

Argued November 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Edward O. Spotts, Jr.,* for appellant.

*Lawrence J. O'Toole,* for appellee.

OPINION BY RHODES, P. J., January 14, 1949:

On May 29, 1941, an order of support was entered by the County Court of Allegheny County against defendant to pay the prosecutrix the sum of $20 per week for the support and maintenance of their minor son who was then six years of age. See Act of June 24, 1939, P. L. 872, § 733, 18 PS § 4733. On October 30, 1947, prosecutrix presented her petition to the court below setting forth that defendant was in arrears as of that date to the extent of $6,700, and a rule to show cause was issued. Upon the rule a hearing was held before the court on December 1, 1947. At the further hearing on December 22, 1947, additional testimony was taken; on the same day defendant filed a petition for a reduction of the order and cancellation of the arrearages. No action was taken by the court below until July 14, 1948, when the following order, from which prosecutrix has appealed, was entered. "And now, to wit, July 14, 1948, the rule granted the relatrix, May Mazon, on petition for arrearages is made absolute, and it is ordered and decreed that said arrearages be fixed at $5400 as of July 1, 1948.

"It is further ordered and decreed that the rule to show cause granted the defendant on the petition for

reduction is made absolute, and said order is amended to read $12.50 per week for the support of his minor son, Earl, with an additional $7.50 per week to be paid and applied on the arrearages. The rule granted on the petition for cancellation of arrearages is dismissed."

Appellant complains, and justifiably so, of the reduction of the order of May 29, 1941, of $20 per week for the support of her son to $12.50 a week. She further avers that the court below erred in failing to require defendant to pay a substantial amount of the arrearages and in reducing the same from $7,400 to $5,400 as of July 1, 1948. The conduct of defendant, in his failure to contribute to the support of his child, appears inexcusable, and there should be no semblance of acquiescence created by the court through delay or otherwise. No court should lose sight of the essential requirement that justice must be judicially administered. *Carr v. Mundorf*, 311 Pa. 214, 216, 166 A. 789.

Defendant for several years had been president of a large union and received a salary of $110 a week, reimbursement for expenses incurred and an allowance of car expense of $50 a month. After the rule issued and two weeks before the hearing on December 1, 1947, defendant voluntarily resigned his position; he gave no explanation for such action. At the hearing on December 22d he testified that he had obtained employment as a truck salesman with a drawing account of $250 per month. A week before the hearing on December 1, 1947, defendant disposed of his automobile for $1,650. Within the year prior to the hearings defendant had purchased a home for $12,000 upon which he had made substantial payments.

Subsequent to the original order in 1941, appellant, who became employed outside of Allegheny County, was obliged to provide for herself and minor son. Defendant showed no payments in direct compliance with the order of May 29, 1941, and there is no competent testimony that any were made other than the credits admitted by

appellant in the amount of $1,245. Defendant, in his income tax return, took credit for the support of his son since 1941.

The burden was upon defendant to establish by competent evidence such changes in conditions or circumstances as would justify a modification of the original order of May 29, 1941; and these changes must be bona fide and permanent. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 361, 21 A. 2d 236. A defendant cannot voluntarily abandon his employment, reduce his wages, or by other conduct bring about a reduced income and thereby avoid, or cause the reduction of, a reasonable support order, under the Act of June 24, 1939, P. L. 872, § 733, 18 PS § 4733. Defendant in the present case had sufficient ability to comply with the order of the court, and his conduct has not been such as to relieve him of his duty to provide for the support and maintenance of his minor child in accordance with the order of May 29, 1941. See *Com. ex rel. Jamison v. Jamison*, 149 Pa. Superior Ct. 504, 507, 27 A. 2d 535. He cannot refuse to occupy his time profitably for the purpose of reducing the order. *Bender v. Bender*, 86 Pa. Superior Ct. 182, 185.

There is an entire absence of proof in the record that there was any subsequent material change in conditions or circumstances which would warrant the modification by the court below of the original order of support. See *Com. v. Elliott*, 155 Pa. Superior Ct. 477, 479, 38 A. 2d 531.

The delay in the disposition of this nonsupport action from the last hearing on December 22, 1947, to the date of filing of the opinion of the court below on July 14, 1948, with no interim relief to appellant, is without any apparent justification; and the two references therein by the court that defendant was "presently unemployed" are unwarranted and without any support whatsoever in the record. Under no circumstances would an order, or a modification of an order, of support be allowed to stand if based on such belated unsupported statement.

See *Com. ex rel. Ritter v. Ritter*, 91 Pa. Superior Ct. 563. In this type of case the usual procedure in courts of justice must be followed, and the order must be based only on the evidence received.

We are of the opinion that the court below, in reducing the order of support in this case, clearly abused its discretion. The original order will be reinstated.

Appellant's further objection to the order of the court below of July 14, 1948, relates to the matter of arrearages. The record will be returned to the court for further consideration and disposition of the question of arrearages. See Act of June 19, 1939, P. L. 440, No. 250, § 1, 17 PS § 263. The reduction of arrearages from $7,400 to $5,400, if justified, was arbitrarily made. A reasonable disposition should be made of this accumulation. The attempt to reduce the order of support from $20 to $12.50 per week, and then have applied the $7.50 a week to the reduction of the arrearages is certainly not a reasonable disposition of this problem. Additional testimony may be necessary in order to determine what present payment should be made and in what manner the balance of the arrearages should be liquidated. The minor son of the parties is now fourteen years of age, and adequate provision for his support and maintenance should be given proper consideration in connection with the duty and liability of the defendant.

The order of the court below reducing the order of support of May 29, 1941, to $12.50 per week is reversed, and the order of May 29, 1941, is reinstated. The order as it relates to arrearages is also reversed, and the proceeding is remitted to the court below for consideration and disposition of the arrearages in accordance with this opinion. Costs shall be paid by appellee.