364 A.2d 500
**COMMONWEALTH of Pennsylvania ex rel.
Ruth A. HALL (now Brown)**
v.
**Larry E. Hall.**
**Appeal of Ruth A. HALL (now Brown).**

Superior Court of Pennsylvania.
Sept. 27, 1976.

Hurwitz, Klein, Benjamin & Angino, Richard C. Angino, Harrisburg, for appellant.

Martson & Snelbaker, Richard C. Snelbaker, Mechanicsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the court below granting the appellee-husband's petition for reduction of a prior order of support awarded for the benefit of his two children.

The initial support order, which was entered on July 11, 1972, directed the appellee to pay $105.00 per week for the support of his wife and two children. On October 24, 1973, in contemplation of divorce, the parties executed a property settlement agreement which provided, inter alia, that the amount of support be reduced to $90.-00 a week for the two children alone. Notwithstanding this reduction the appellee fell almost $700.00 in arrears in 1974, and filed his first petition for reduction in November of that year.

At the hearing held pursuant to appellee's first petition for reduction, evidence was introduced establishing that he had experienced an approximate 20% increase in earnings for 1972 and 1973.[1]  It was further adduced at this hearing that appellee had remarried and recently acquired a new home and other substantial assets.  Accordingly, this initial petition for reduction was denied.

In April of 1975, a contempt hearing was held relative to appellee's arrearages of nearly $1,000.  At this time appellee stated his net income to be $192.00 per week.  Nevertheless, the lower court made no adjudication as to contempt, but rather reduced the appellee's support obligation to $80.00 per week.[2]

Less than two months later, appellee petitioned for a further reduction.  On September 9, 1975, a hearing was conducted on this petition.  At this hearing appellee contended that a change in circumstances entitled him to an additional reduction in support.  Specifically, appellee testified that he recently had been demoted from sales manager to salesman.  As a result of this demotion his net income was reduced to $178 per week.  Furthermore, he testified that the necessary business expenses of a salesman would reduce this amount even further by $30 to $35 per week.  Thus, his weekly take home pay was then approximately $145.  The lower court held that these figures were adequately supported by the evidence and reduced appellee's support order to $55 per week for the two children. [3]  It is from this latter order that the instant appeal was taken.

1.  In 1971 appellee had a gross annual income of $19,517, and a weekly net income of $177.60.  In 1972 appellee's gross income was $24,325, and in 1973 it was $24,812.  For the first 44 weeks of 1974 appellee grossed $18,834 or a weekly net of $170.34.

2.  The court's decision to refrain from deciding the contempt issue was apparently motivated by appellee's agreement to pay $10.00 per week on account of the arrearages, and to apply $450.00 on the arrearages from his anticipated income tax refund.

3.  The court also ordered that appellee pay an additional $10.00 per week on account of the accrued arrearages.

■ It is well settled that the function of this Court in reviewing a support order is to ascertain whether there was sufficient evidence to sustain the order, and whether the lower court acted in abuse of its discretion. *Commonwealth ex rel. Halderman v. Halderman,* 230 Pa.Super. 125, 326 A.2d 908 (1974); *Shuster v. Shuster,* 226 Pa.Super. 542, 323 A.2d 760 (1974); *Commonwealth v. Testa,* 226 Pa.Super. 585, 323 A.2d 199 (1974). When considering a petition to modify an existing support order, the lower court must necessarily take into account all pertinent facts. *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974). It is, of course, incumbent upon the party seeking modification to present competent evidence which establishes such a material and substantial change in circumstances as to warrant modification. *Id.*; *Shuster v. Shuster,* supra.

> "Although the reduction of a support order is largely within the discretion of the lower court, it must be based upon facts appearing in the record which shows such a permanent change in the appellee's circumstances as to require a modification of the existing order." *Bell v. Bell,* 228 Pa.Super. 283, 323 A.2d 269.

Having thoroughly reviewed the record in the instant appeal, we are constrained to conclude that the evidence was insufficient to support the reduction, and that the lower court failed to consider all of the relevant facts.

■■ While there is no doubt that a change of circumstances occurred when appellee was demoted from sales manager to salesman, the evidence does not establish that the change was so material and substantial as to justify modification of the support order. *Bell v. Bell,* supra; *Shuster v. Shuster,* supra. In April of 1975 appellee stated that his net weekly income was $192. At the September, 1975 hearing he testified that as a result of his demotion his weekly take-home pay had been decreased to $178, and necessary business expenses would

further reduce this amount to approximately $145. Appellee also explained that at the expiration of the initial thirteen week pay period his net salary would be cut to $90 per week.[4] However, he also testified that as a salesman his salary would be supplemented by commissions earned on sales. Most importantly, he testified that he had earned commissions during the initial thirteen week period, but that he would not receive the commissions until the second thirteen week period. Clearly these earned commissions are income which should be considered when determining the extent of a party's ability to pay support. The court below, however, did not take these commissions into account. This was error. When the commissions are considered together with his fixed salary it may very well be determined that appellee has not suffered a material and substantial change in his financial circumstances. The lower court opinion does not disclose why this obviously relevant consideration was not taken into account. The reason may possibly have been that the lower court felt that the commissions earned in the first thirteen week cycle would be cancelled out by the fact that in the subsequent periods the appellee would only be drawing $90 a week as opposed to the $178 he was receiving in the initial period. This rationale, however, ignores the fact that the appellee would be earning commissions in the future also. This explanation is unacceptable since it is predicated upon sheer conjecture as to the amount of subsequent commissions. Accordingly, we find that the lower court's order was not based upon all of the relevant factors [5] relating to

4. Apparently appellee's work year is divided into four thirteen week periods. A higher fixed salary is paid for the initial thirteen week period. Appellee was in the ninth week of the initial period when the September hearing was conducted.

5. Parenthetically, we note that on remand the court's inquiry should also encompass a consideration of the amount of income the appellee's second wife is contributing toward the family expenses. See *Commonwealth ex rel. Travitzky v. Travitzky*, 230

the appellee's ability to pay support and, therefore, the order cannot be sustained.

The order of the court below is reversed, and the case is remanded for further proceedings consistent with this opinion.

Pa.Super. 435, 326 A.2d 883 (1974). Appellee testified that his present wife had a yearly income of "(s)eventy some hundred dollars." Although appellant failed to explore to what extent the second wife was contributing to defray the household expenses, we believe that this matter should be further developed so that the court below will have the benefit of all relevant information in ascertaining the appellee's true ability to pay support.