392 A.2d 717

COMMONWEALTH of Pennsylvania ex rel. Dorothy I. DELBAUGH,

v.

Jack C. DELBAUGH, Appellee.

Appeal of Dorothy I. DELBAUGH.

Superior Court of Pennsylvania.

Submitted Sept. 21, 1977.

Decided Oct. 20, 1978.

128

John A. Boccabella, Reading, for appellant.

Clarence C. Mendelsohn, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This is an appeal from an order of the Court of Common Pleas of Berks County denying a petition for an increase in support payments. The sole issue before us is whether the trial court abused its discretion in denying the petition. We hold that the court did abuse its discretion and we reverse and remand this case for proceedings consistent with this opinion.

Dorothy I. Delbaugh and Jack C. Delbaugh have been separated for a number of years, but no decree of divorce or annulment has been granted to either. There is no question as to appellee's liability to support Mrs. Delbaugh, the only issue being as to the amount of that support.

On November 6, 1970, the last prior modification of the original support order was made. At that time, Mrs. Delbaugh was employed as a clerk at J. C. Penney's and had a net salary of $58 per week, N.T. 1; appellee's 1970 weekly net pay is not of record. The court ordered appellee to pay Mrs. Delbaugh $30 per week as support and $10 per week on then-existing arrearages.

When Mrs. Delbaugh filed the petition for increase before us now, she was earning $67.15 net weekly, lower court opinion at 1; she also received approximately $400 per year from a trust fund established for her by her late mother, N.T. 11. Her monthly expenses were approximately $500, N.T. 8–9, an increase over her monthly expenses of 1970, N.T. 9.[1] Appellee's net earnings at the time this petition was filed were approximately $249 per week, lower court opinion at 1; from this amount he paid approximately $40 per week automobile expenses and $20 per week entertain-

1. Although no evidence was presented concerning appellee's 1970 income or Mrs. Delbaugh's 1970 expenses, her testimony that both

ment expenses in conjunction with his job as a traveling salesman. He gave his monthly expenses as $1,108. N.T. 28.

At the conclusion of the testimony, the trial court entered an order denying the petition for increase. The court clearly indicated, however, that a weekly support payment of $40 was appropriate: "I'm considering he's paying 40, and it shouldn't drop any more than that, . . . ." N.T. 31. It is also clear that the court considered appellee's arrearage payments to constitute an increase in Mrs. Delbaugh's support payments: "In effect, by his getting in arrears, there has been an increase, and that's all right." N.T. 31. Finally, the court indicated that a support award of $30 was inadequate and that when the arrearages were fully paid,[2] he would reconsider a petition for increase so Mrs. Delbaugh's support payments did not revert to $30 per week. N.T. 31.

A support order may be modified upon proof that circumstances have changed materially since the entry of the order. *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 461, 375 A.2d 187, 189 (1977); *Commonwealth ex rel. Kaplan v. Kaplan*, 219 Pa.Super. 163, 165, 280 A.2d 456, 457 (1971), *allocatur refused*, 219 Pa.Super. xxxvi (1971). The party moving for modification of the order bears the burden of proving, by competent evidence, the existence of material and substantial changes in circumstances. *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. 162, 165, 364 A.2d 500, 502 (1976); *Commonwealth ex rel. Schmitz v. Schmitz*, 237 Pa.Super. 519, 521, 352 A.2d 103, 104 (1975). When reviewing a petition for modification of a support order, the lower court must consider all pertinent facts and the court's decision must be based on facts appearing in the record which indicate that the movant did or did not meet

had increased substantially by the time of this hearing went uncontradicted.

2. Mrs. Delbaugh's petition for increase indicated that as of September 24, 1976, arrearages amounted to $410.00. At the rate of $10 per week, these arrearages should have been paid off by sometime in July, 1977.

his or her burden of proof as to changed circumstances. *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. at 163, 364 A.2d at 501; *Bell v. Bell*, 228 Pa.Super. 280, 283, 323 A.2d 267, 269 (1974); *Commonwealth ex rel. Crane v. Rosenberger*, 212 Pa.Super. 144, 147, 239 A.2d 810, 812 (1968).

In reviewing the lower court's decision, we must ascertain whether there is evidence sufficient to sustain the order. *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. at 163, 364 A.2d at 501; *Weiser v. Weiser*, 238 Pa.Super. 488, 491, 362 A.2d 287, 288 (1976). We will not interfere with the decision unless there has been an abuse of discretion on the part of the lower court. *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. at 461, 375 A.2d at 189; *Commonwealth ex rel. Schmitz v. Schmitz*, 237 Pa.Super. at 522, 352 A.2d at 104.

Our review of the record in this case indicates that Mrs. Delbaugh met her burden in proving that a material change in circumstances mandated an increase in her support payments. The trial court believed this to be true as well because he found $40 per week sufficient to support her and indicated that when all arrearages were paid and the amount reverted to $30 he would consider another petition for increase. The judge abused his discretion, however, when he, in effect, increased Mrs. Delbaugh's support payments to $40 per week but permitted the $10 per week arrearage payment to constitute part of the total. Such an order punishes Mrs. Delbaugh in a multitude of ways.

The court recognized the merit of Mrs. Delbaugh's petition, yet her support was not increased because of the arrearage payment; she has already been burdened by appellee's failure to pay some of the support payments, amounting in arrearages, and she now is being burdened again because the arrearage payment is being counted toward the support payment. Appellee's prior delinquency is being rewarded; instead of being required to make larger support payments to his wife, as the circumstances indicate he can and should do, his payments remain the same because of the arrearages. Just as we do not permit spouses to reduce their actual earnings and then use the reduction as

an excuse to obtain a reduction in support, *Weiser v. Weiser*, 238 Pa.Super. at 491, 362 A.2d at 288, we should not permit a spouse to pile up arrearages and then use them as an excuse to reduce or to avoid an increase in the support payment. Furthermore, Mrs. Delbaugh has met her burden in proving a substantial change in circumstances; an increase is merited. If the increase is denied with the promise that her petition will be reconsidered when the weekly payment drops to $30, she will again face the burden of proving changed conditions. Instead, she should be granted an increase now and if conditions later change either party may petition for modification of the order with the movant, of course, bearing the burden of proving the change in circumstances mandating an increase or decrease.

The case closest to the one before us now is *Commonwealth ex rel. Mazon v. Mazon*, 163 Pa.Super. 502, 63 A.2d 112 (1949). There, Mr. Mazon originally was ordered to pay $20 per week in support payments for his wife and minor child; eventually, the arrearages reached $7400. Mrs. Mazon filed a petition to show cause on the arrearages and Mr. Mazon filed a petition asking that the support order be decreased and the arrearages cancelled. The Court decreased the arrearages to $5400 and also decreased the support order to $12.50 plus $7.50 to be paid on arrearages per week. This Court found that there was no proof of material changes in conditions or circumstances warranting a modification of the order and that the trial court abused its discretion in making its order. 163 Pa.Super. at 505–06, 63 A.2d at 114–15. The Court also said,

> The attempt to reduce the order of support from $20 to $12.50 per week, and then have applied the $7.50 a week to the reduction of the arrearages is certainly not a reasonable disposition of this problem. Additional testimony may be necessary in order to determine what present payment should be made and in what manner the balance of the arrearages should be liquidated.

163 Pa.Super. at 506, 63 A.2d at 115.

We find this language persuasive. In the present case, if the trial court found circumstances warranting an increase

in Mrs. Delbaugh's support to $40 per week, he should have ordered appellee to make payments in that amount *in addition to* his $10 arrearage payment. As in *Mazon*, to find that Mrs. Delbaugh needed $40 per week and then to allow appellee to meet part of his obligation through arrearage payments is "not a reasonable disposition of this problem." 163 Pa.Super. at 506, 63 A.2d at 115.

Accordingly, we reverse the trial court's order denying Mrs. Delbaugh's petition for increased support and remand the case for reconsideration by the court. Since Mrs. Delbaugh has proved a material and substantial change in circumstances warranting an increase in her support, her petition should be granted; the only issue before the trial court will be the amount of the increase. Regardless of the amount ordered by the court, any payment on arrearages must be in addition to and not part of the amount ordered to be paid for Mrs. Delbaugh's support. Of course, either party may appeal to this court from any subsequent order entered in this case.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.