419 A.2d 1340

**Ethel BERRY**

v.

**William BERRY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed May 23, 1980.

Petition for Allowance of Appeal Denied Oct. 29, 1980.

Daniel L. Haller, Aliquippa, for appellant.

Jean E. Graybill, Assistant Attorney General, Harrisburg, submitted a brief on behalf of appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

Appellant, William Berry, appeals from the order of the court below which denied his request for modification of a child support order. We vacate the order of the lower court and remand for further proceedings.

Pursuant to an order of September 6, 1973, appellant was required to pay $15.00 per month for the support of his wife, Ethel Berry, and $15.00 per month for the support of each of their two minor children. In 1976, appellant filed his first petition to decrease the amount of the support order alleging that his wife was working. A hearing was scheduled on the petition but "Ethel apparently did not attend," according to the opinion of the lower court. The petition was dismissed based on the hearing officer's statement that "it is apparent [that Ethel] is not working." Appellant petitioned a second time for a reduction in the support order in 1978. This time, two domestic relations hearings were scheduled at which William appeared and Ethel did not. The domestic relations officer then submitted three recommendations to the court which included: 1) that William continued to pay

$15.00 per month for each of his two minor children; 2) that Ethel be removed from the order due to a divorce decree entered in 1978; and 3) that William pay the sum of $35.00 per month toward the liquidation of over $2,000.00 in arrearages that existed under the 1973 order. William filed exceptions to these recommendations and a hearing was held on the petition in January, 1979. Neither William nor Ethel was present. The hearing officer was the sole witness for a scant five pages of testimony. Based on that testimony and on evidence outside of the record before us, the lower court adopted the recommendation of the hearing officer and denied any rehearing on appellant's petition. It is from this order which appellant appeals to us.

On appeal, the major issue for our consideration is whether the lower court judge abused his discretion by denying appellant's petition for modification. Initially, we note that our standard of review in such cases is narrow and that an order of the hearing court may not be reversed absent an abuse of the court's discretion or an error of law. *Commonwealth ex rel. Delbaugh v. Delbaugh*, 258 Pa.Super. 127, 392 A.2d 717 (1978). Admittedly, the petitioner for the modification of a support order has the burden of proving that circumstances have changed which are sufficient to warrant a modification of an existing order. *Commonwealth ex rel. Littman v. Littman*, 260 Pa.Super. 97, 393 A.2d 1030 (1978). In the instant case, the hearing judge concluded that appellant had not met his burden of showing a change in circumstances. The judge was unpersuaded by appellant's argument that he was unable to confront Ethel, and concluded that appellant should have subpoenaed his witnesses. He stated further that the decision would have been no different had Ethel appeared due to the hearing officer's testimony that William agreed to pay $15.00 per month per child and $35.00 per month arrearages to the Department of Welfare rather than to Ethel. Ethel's failure to appear could not be deemed a ground for the denial of her children's right to support.

34

The notes of testimony of the hearing reveal only that appellant had offered to pay $15.00 per month for each child at a prior domestic relations hearing. No one knew the whereabouts of Ethel and the children and few visitations had occurred between appellant and his family. Although a mother's actions may not constitute a ground upon which to deny her children support except in extreme circumstances, *Kramer v. Kelly*, 265 Pa.Super. 58, 401 A.2d 799 (1979); *Commonwealth ex rel. Chila v. Chila*, 226 Pa.Super. 336, 313 A.2d 339 (1973), the record before us does not give us sufficient information to decide exactly what circumstances Ethel has created. All we can discern insofar as her conduct is concerned is that she repeatedly failed to appear at the hearings since 1976. Because the duty to support is one shared equally by both parents, *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974), Ethel's whereabouts and her earning capacity were material to any court hearing on a petition for modification. Certainly, Ethel's financial situation and conduct could have affected the arrearages aspect of appellant's case.* *Commonwealth ex rel. Zercher v. Bankert*, 266 Pa.Super. 595, 405 A.2d 1266 (1979).

Ethel's continued failure to appear at any of the scheduled hearings presents two major problems. First, it prohibits appellant from proving that there is a change in circumstances on Ethel's part, i. e., whether or not she is working. Second, Ethel's failure to appear prevents the Department of Public Assistance's proof as to whether she is entitled to receive continued assistance if, in fact, that is the case and therefore, whether the Department has right as a subrogee to the money appellant must pay if it will be determined he must continue to pay support. The Department's records would be hearsay as to Ethel's present fitness

---

* The arrearages were to be paid to the Department of Public Assistance since Ethel had been receiving assistance for several years. It was also stated that the Department of Public Assistance would force her to appear and account for her funds. All of this may be correct, but none of it is supported by any information in the record at the time of the hearing, nor are we privy as to whether any further departmental action has taken place.

to receive assistance absent Ethel's own testimony on the subject. In light of this situation, we are constrained to remand this case to the lower court. The lower court must first determine whether Ethel is still receiving public assistance. Since this can only be done if Ethel is present, the Department shall have the burden of producing her by the time set for the hearing by the lower court. In the interim, all monies for the support of the two children shall be paid into an escrow fund established by the lower court. If Ethel does not appear at the next hearing, her actions shall be deemed to be the extreme circumstances that warrant a supervision of a support award, see *Commonwealth ex rel. Chila v. Chila*, supra, and the escrowed money shall be paid back to appellant. If Ethel appears and proves she is rightfully receiving assistance, then the money shall be paid to the subrogee. As for the part of the lower court's order concerning the arrearages from the 1973 order, we affirm that payment only if it is shown that Ethel was rightfully receiving assistance during the time that amount of support payments were due.

Order of the lower court vacated and case remanded for further proceedings consistent with this opinion.