437 A.2d 974

**Nina PAWOL,**

v.

**Joseph J. PAWOL, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Nov. 30, 1981.

Timothy W. Pawol, Pittsburgh, for appellant.

Philip P. Lope, Zelienople, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order increasing the amount that appellant must pay in support of his minor child. Appellant argues that there should be a new hearing be-

cause no stenographic notes of testimony were taken.[1] We agree and therefore reverse and remand for further proceedings.

On February 11, 1967, an order was issued directing appellant to pay $85 per month for support of his child. On January 1, 1980, appellee filed a petition for an increase in the order because of the cost of living. Pursuant to Beaver County Local Rule No. 1006, a conference was held before a hearing officer.[2] When no agreement was reached, the hearing officer recommended that appellant pay $185 per month for support of his child, and also, all medical, dental, and hospital expenses incurred on behalf of the child. Appellant filed exceptions, and after a proceeding that we shall

1. Appellant also argues that appellee did not carry her burden of proof, and that the support order was capricious and improper. We do not reach these issues.

2. The local rule provides:

*RULE 1006—DOMESTIC RELATIONS OFFICE CONFERENCE*

1. At the conference ordered between the parties, counsel and the assigned officer, the parties shall furnish to the officer a true copy of their most recent Federal Income Tax Return, the pay stubs for the preceding two months and a completed written budget on the form provided by the Domestic Relations Division.

2. If an agreement for support is reached at the conference, the officer shall prepare a written order in conformity with the agreement and submit it to the Court for approval. The order shall bear the written consent of the parties. The Court may enter the order without further hearing thereon.

3. If an agreement for support is not reached at the conference, the officer shall prepare a recommended order within five (5) days of said conference setting forth the basis for the recommendation to the Court. Said recommendation may further provide for a temporary order to be entered by the Court should exceptions be filed to the recommended order. The hearing officer shall mail copies of the recommendation to the parties and their legal counsel of record.

4. Temporary Orders shall be provided only in cases where:
(a) the right to support is not denied, or
(b) the order is for the support of children only, or
(c) the order is for support of party and defendant's children who are presently receiving monies from the Department of Public Assistance.

5. Either party may file exceptions to the recommendations within ten (10) days of the date of said recommendations, said exceptions shall set forth with particularity the basis for said exceptions which shall be the only matters heard by the Court at its hearing unless it was a matter not known at the time of filing exceptions.

discuss in a moment, the lower court ordered appellant to pay $175 per month for support of his child and one half of the medical, dental, and hospital expenses incurred on behalf of the child. This appeal is from that order.

The record does not disclose just what occurred before the lower court on appellant's exceptions. In its opinion the lower court does not say what occurred but describes its general practice as follows:

> Whenever the parties are dissatisfied with the [hearing] officer's recommendation, ... they can take exceptions, pursuant to Local Rule 1006(5) and the matter will be heard before the Court. These open court hearings are attended by the parties, their legal counsel and usually by the hearing officer who heard the matter originally. Taken into consideration in arriving at a final order are the facts as developed by counsel at the hearing, the arguments of both sides and the recommendation of the hearing officer. Although weight is given to it, we do not consider ourselves bound by the recommendation.

> Again [i.e., as is also true of the conference before the hearing officer] there is no requirement that stenographic notes be taken at the hearing before the Court for many of the same reasons that they are not taken at the conference level.

> Slip op. at 3–4.

In discussing why stenographic notes are not taken at the conference level, the lower court says:

> There is no requirement that the hearing officer have a stenographer present at these conference proceedings namely because it would work as a disservice to the efficient administration of support matters. Such a requirement would also be too costly and burdensome for all those involved. Moreover, a great majority of the support conferences end up with some sort of agreement which is satisfactory to the parties, thus obviating the need to take testimony.

*Id.* at 3.

We have recently had occasion to consider the practice of not stenographically recording support hearings. In *Mansfield v. Lopez*, 288 Pa.Superior Ct. 567, 432 A.2d 1016 (1981), the appeal was from an order based upon a finding that the appellant was the father of the appellee's child, and directing the appellant to pay $10 per week in support of the child. As here, no stenographic notes had been taken, the lower court explaining that

> [t]he practice of this County regarding non-support hearings is that they are not stenographically recorded unless either party requests that they be.

> *Id.,* 288 Pa.Superior Ct. at 569, 432 A.2d at 1017.

We held this practice a violation of the Act of May 1, 1907, P.L. 135, § 3, 17 P.S. § 1804, which provides that

> [t]he official stenographers of the several courts of common pleas . . . shall take full stenographic notes of testimony in all judicial proceedings in any trial of fact, at law or in equity . . . .

We therefore remanded for a new trial, at which full stenographic notes were to be taken. We shall do the same here. It may well be that considerations of efficiency and economy justify the absence of a stenographer at the conference level. Such considerations cannot, however, justify a failure to comply with the Act of May 1, 1907, *supra,* 17 P.S. § 1804, when an action not resolved at the conference level becomes a judicial proceeding.

Apparently anticipating this conclusion, the lower court says:

> It is conceivable that the Appellate Court would remand this case to us so that a record could be taken thereby providing a basis upon which it could determine whether the increase in support was excessive. Our position that the increase in support was justified, however, remains steadfast.

Slip op. at 4–5.

We do not question the lower court's steadfastness. Our responsibility, however, is to determine whether the court's decision is supported by law. It is settled that in evaluating a parent's obligation of support, a lower court should consider the parent's income and the "full nature and extent of the parent's property interests and financial resources." *Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa.Superior Ct. 562, 429 A.2d 665 (1981). While our scope of review is narrow, being limited to determining whether the evidence supports the order and whether there has been an abuse of discretion, *Berry v. Berry*, 278 Pa.Superior Ct. 30, 419 A.2d 1340 (1980); *Dugery v. Dugery*, 276 Pa.Superior Ct. 51, 419 A.2d 90 (1980), we will nevertheless remand where the record demonstrates that the lower court did not consider all of the relevant factors. *Commonwealth ex rel. Vona v. Stickley*, 287 Pa.Superior Ct. 296, 430 A.2d 293 (1981); *Dena Lynn v. Harvey H. F.*, 278 Pa.Superior Ct. 95, 419 A.2d 1374 (1980). Here, without full stenographic notes, we cannot determine whether the lower court did consider all of the relevant factors.

█ The lower court suggests, however, that "[t]he lack of a record should be deemed waived by defense counsel by reason of his failure to request the same." Slip op. at 5. The court also says:

[I]f either party requests the presence of a stenographer their request will be granted as a matter of course.

We note our Appellate Courts' aversion to entertain a matter on appeal without the benefit of a recorded transcript of testimony. In the instant case, counsel for the defendant *did not* request the presence of a stenographer but *now complains* of the failure to have one there. We deem this failure to request such a record as a waiver of the same. If fault is to be laid anywhere it must be with defense counsel.

*Id.* at 4.

We are unable to accept this reasoning. So far as we can tell, it was not necessary for counsel to "request the presence of a stenographer." In his brief, counsel for appellant says that "even opposing counsel believed a stenographer was present." Brief for Appellant at 9. And indeed, in his brief, counsel for appellee refers to "the stenographer who was present . . . ." Brief for Appellee at 8.

In seeking to uphold the lower court's order, appellee argues, not that counsel for appellant did not request the presence of a stenographer, but, rather, as follows:

> At the hearing before the Court in the instant action counsel [for appellant] was free to procede [*sic*] de novo by calling witnesses or could, as the Court advised, rely on matters already of record and the oral arguments of counsel. No objection was taken to the statement of the Court nor was the stenographer who was present requested by either party to transcribe the proceedings.
> Brief for Appellee at 8.

We are also unable to accept this reasoning. The difficulty is that in the absence of stenographic notes, the record does not show what "the Court advised," or what was "the statement of the Court" to which "[n]o objection was taken." We therefore do not know whether in fact counsel for appellant was "free to pro[ceed] de novo by calling witnesses . . . ."

Counsel for appellant says that he was not thus free; according to him, "the Court below does not consider testimony to be necessary at a de novo hearing." Brief for Appellant at 7. The lower court's opinion does not help us in this regard; it only says that in cases of this sort its practice is to arrive at a final order by "[t]ak[ing] into consideration . . . the facts as developed by counsel at the hearing, the arguments of both sides and the recommendations of the hearing officers." Slip op. at 4. This is ambiguous, and does not exclude the possibility that the court's practice is to require counsel to "develop[ ]" the facts by arguing only either for or against the recommendation of

the hearing officer, as distinguished from permitting them to develop their case *de novo* by calling witnesses.

The ambiguity is heightened by the court's statements in its opinion regarding the basis of its order. At one point the court says that its order

> was based on a finding that defendant's average net income was eight hundred ninety-eight and 22/100 dollars ($898.22) per month and plaintiff's average net income was five hundred dollars ($500) per month.

Slip op. at 2.

At another point the court says that

> [p]laintiff's request for an increase met with our approval after considering the child's current needs and the ability of the plaintiff and the defendant to contribute to the same. Moreover, the change in circumstances over the eleven (11) year span required an increase in payments.

*Id.* at 2–3.

It is not apparent from the record, however, and the court does not say, where these figures, and where the estimate of the child's current needs, came from. The inference is strong that they were derived from the forms filed with the hearing officer—which are not included in "the whole and entire record" as certified and transmitted to us—and from statements made by counsel in the course of their arguments.

■ We do not hold that a party to a support action may not waive the right to call witnesses. We only hold that a court may not require the party to proceed without calling witnesses, and that if a party does waive the right to call witnesses, the waiver, and the information on the basis of which the court arrives at its order, must appear of record, if not by stipulation, then by transcribed stenographic notes.

The ORDER of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.