444 A.2d 1274

**Carolyn SHANK, Appellant,**

v.

**Robert SHANK.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1982.

Filed April 23, 1982.

460

Mineko S. Avery, Pittsburgh, for appellant.

Glenn Douglas Dolfi, Pittsburgh, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County granting appellant-mother's petition to increase the amount of a prior order of child support.

The initial support order, which was entered on June 21, 1976, directed appellee-father to pay $60.00 per month for the support of the parties' only child, a minor son. In July, 1980, appellant, the mother and custodial parent, filed a petition to increase the amount of the order. This petition was granted, and an order increasing the amount of support to $100.00 per month was entered. This direct appeal by the mother followed.

On appeal, appellant-mother's sole contention is that the lower court abused its discretion in increasing the original support order by only $40.00 per month.[1] More specifically, appellant argues that the lower court erred in (1) failing to take into consideration the separate earnings of appellee's second wife; (2) failing to consider the standard of living maintained by appellee for his second family; and (3) entering an inadequate and unreasonable support order. Because we are unable to render a proper evaluation of these claims on the basis of the record presently before us, we reverse and remand for a full evidentiary hearing.

To begin with, this court is obliged, on an appeal from an order of child support, to review the order in light of the following axiom:

1. The instant support order is lower than the amount suggested for a parent with appellee's net income under the Allegheny County Support Guidelines. These guidelines would require a parent with a net income of $970.00 per month to contribute $190.00 per month ($\pm$ $50.00) to the support of a minor child.

This deviation was explained by the Hearing Officer as follows: "[Appellee] has two children of a current marriage to support. [Appellant] has worked in the past, but indicates that she is not working presently because of a recent hospitalization for a blood clot on her lung and because she is scheduled to attend CCAC [Community College of Allegheny County] to study to be an emergency medical technician." (Hearing Officer's Recommendation, Record No. 26).

"[T]he amount of a child support order is largely within the discretion of the trial judge . . . . A child support order must be fair, not confiscatory, and must be consistent with the parent's station in life and customary standard of living, making due allowance for the reasonable living expenses of the parent." *Commonwealth ex rel. Cragle v. Cragle*, 277 Pa.Super. 349, 352, 419 A.2d 1179, 1180–81 (1980) (citations omitted).

Accordingly, in evaluating support orders, our scope of review is limited to ascertaining whether there was sufficient evidence to sustain the order and whether there has been an abuse of discretion by the lower court. *Berry v. Berry*, 278 Pa.Super. 30, 419 A.2d 1340 (1980); *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. 162, 364 A.2d 500 (1976). Where the record demonstrates that the lower court has failed to consider all factors relevant to the award of support, we will remand for a full evidentiary hearing. *Pawol v. Pawol*, 293 Pa.Super. 29, 437 A.2d 974 (1981).

Herein, because the lower court failed to consider certain factors in computing appellee's ability to pay, we are prevented from determining whether the modified order of $100.00 per month was inadequate or patently deficient.

■ Initially, we note that requests for modification of child support orders are governed by the following principles:

"First, that 'the party seeking to modify a support order bears the burden of *demonstrating* such a change of circumstances as will justify a modification,' . . . second, that 'only material and substantial changes in circumstances, *as proven by competent evidence*, will warrant modification of a support order,' . . . and third, that 'a modification may only be based *upon facts appearing in the record* which show such permanent change in circumstances as to require such modification . . . .' " *Commonwealth ex rel. Stone v. Stone*, 293 Pa.Super. 427, 430, 439 A.2d 185, 187 (1981).

■■■ At the hearing on appellant's petition, appellee testified that he is employed as a driver for a distributing company and has a net income of $970.00 per month. According to his own testimony, appellee has remarried and is now supporting his second wife and their two minor children. However, the record is silent on the amount of his second wife's income and also does not disclose to what extent, if any, her income is used to defray family expenses.

Appellant, on the other hand, receives from a public assistance program $172.00 per month for herself, $90.00 for her son, and $63.00 in food stamps, a total of $325.00 per month. Appellant testified that she recently underwent surgery to remove blood clots from her lungs, and, as a result of the surgery, "[is] not supposed to [work] but [is] going to school [full-time] anyhow." (N.T. 8/27/80, p. 4). No evidence was introduced concerning appellant's earning capacity. Appellant estimated the costs of supporting her son to be $274.59 per month.

After considering the above testimony, the lower court concluded, and we agree, that appellant demonstrated a change in circumstances sufficient to justify the increase in the first support order. In computing appellee's ability to pay, however, neither the hearing officer nor the lower court inquired into the earnings of appellee's second wife.[2] Since *Commonwealth ex rel. Travitzky v. Travitzky*, 230 Pa.Super. 435, 440, 326 A.2d 883, 885 (1974), we have recognized that:

"[I]f the second wife [is] gainfully employed and if her earnings or a portion thereof [are] contribut[ing] to the

---

**2.** The lower court properly opined that the earnings of appellee's second wife were "obviously a relevant factor ...." However, it concluded that any challenge to its failure to consider the second wife's earnings had been waived because appellant "did not raise the matter at the hearing." (Lower Court Opinion at 2, December 19, 1980, Record No. 33). We find no such waiver. In *Commonwealth ex rel. Hall v. Hall*, 243 Pa.Super. 162, 364 A.2d 500 (1976), we said: "[a]lthough appellant failed to explore to what extent the second wife was contributing to defray the household expenses ... this matter should be further developed [on remand] *so that the court below will have the benefit of all relevant information in ascertaining the appellee's true ability to pay support."* *Id.*, 243 Pa.Superior Ct. at 167 n. 5, 364 A.2d at 502 n. 5 (emphasis added).

family budget, such facts would be relevant in determining the father's ability to pay for his minor children."

Here, with the exception of the statement that appellee's second wife is employed, the record is devoid of any evidence regarding her earnings, or to what extent her income is used to defray family expenses. Absent this line of inquiry, we cannot obtain a true account of appellee's ability to pay for the support of the parties' minor son. *See Commonwealth ex rel. Mainzer v. Audi,* 266 Pa.Super. 122, 124, 403 A.2d 124, 125 (1979); *Commonwealth ex rel. Travitzky v. Travitzky, supra.*

Likewise, because the duty to support is one shared equally by both parents, we have held that the mother's earning capacity is material to any court hearing on a petition for modification. *Berry v. Berry,* 278 Pa.Super. 30, 34, 419 A.2d 1340, 1342 (1980). The test to be applied "is not what [the mother's] actual earnings are, but what her earning capacity is."

In the instant case, appellant testified on the subject of her earning capacity as follows:

THE COURT: Is there any reason why [appellant] can't work?

[APPELLANT]: I was just released from the hospital on Saturday.

*BY THE COURT:*

Q. For what?

A. Blood clots in the lungs. That can be verified.

. . . .

Q. Have you worked in the past?

A. Yes.

Q. What kind of work have you done?

A. I am a student right now.

Q. Where are you a student?

A. Allegheny Community College.

Q. What are you studying?

A. EMT meaning emergency medical technician.

Q. How long do you have to go on that program?

A. It is two years.

Q. When did you start?

A. Well, I was supposed to start Saturday.

Q. What kind of work have you done in the past?

A. I worked in credit.

Q. Is public assistance helping you attend the Community College?

A. No.

Q. Are you under a doctor's care now?

A. Yes.

Q. Did the doctor indicate to you whether you are able to work?

A. I am not supposed to but I am going to school anyhow. (N.T. 8/27/80, pp. 2–4).

On the basis of the above-quoted testimony, we must speculate as to "the contribution, [if any, appellant] is in a position to provide." This we will not do. *Conway v. Dana*, 456 Pa. 536, 539, 318 A.2d 324, 326 (1974) ("[W]hen we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide."). While the lower court did not disclose why this obviously relevant consideration was not sufficiently examined, it did state that "[appellant] has an earning capacity that should be taken into consideration." (Lower Court Opinion at 3, December 19, 1980, Record No. 33).

The result we reach today is consistent with what the lower court said: "This Court is not unaware that the record in this case is not as complete as it might have been and perhaps a remand could be considered in the interests of justice." (Lower Court Opinion at 3, December 19, 1980, Record No. 33). Hence, in light of the lower court's failure to evaluate all of the relevant factors necessary to determine the reasonableness of the modified order, we must remand for a full evidentiary hearing.

466

The Order of the court below is vacated and the matter is remanded for proceedings consistent with this opinion. Jurisdiction of this case is relinquished.