466 A.2d 233

**Enrico AGOSTI**

v.

**Faye D. AGOSTI, Appellant.**

Superior Court of Pennsylvania.

Argued May 26, 1983.

Filed Sept. 30, 1983.

Chere Winnek-Shawer, Indiana, for appellant.

Wayne Andrew Kablack, Indiana, for appellee.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

PER CURIAM:

This is an appeal from a final decree in divorce entered August 31, 1981, pursuant to Section 201(d) of the Divorce Code. Act of April 2, 1980, P.L. 63, § 101 et seq., 23 P.S.

§ 101 et seq. (Supp.1983). Appellant, Faye D. Agosti, raises three issues on appeal:

I. Did the trial court err in the disposition of the marital property?

II. Did the trial court err in the amount of child support awarded to appellant for the parties' minor son?

III. Did the trial court err in refusing to award appellant alimony?

Issues I and III have been waived since no exceptions were filed to the trial court's final decree, in contravention of Pa.R.C.P. 1920.52(a). Issue II, however, has not been waived since Pa.R.C.P. 1920.52(b) imposes no similar requirement on claims involving child support.[1]

With respect to Issue II, appellant contends: (1) that the amount of support ordered by the trial court was inadequate in view of the minor son's special needs occasioned by his mental retardation, (2) that the record relied on by the trial court was devoid of any credible evidence concerning appellee's income or ability to pay, and (3) that the trial court erred in simply reconfirming the earlier order of child support which had been made together with a prior order for spousal support.

In *Shank v. Shank,* 298 Pa.Super. 459, 444 A.2d 1274 (1982), our court stated that:

... in evaluating support orders, our scope of review is limited to ascertaining whether there was sufficient evidence to sustain the order and whether there has been an abuse of discretion by the lower court *Berry v. Berry,* 278 Pa.Super. 30, 419 A.2d 1340 (1980); *Commonwealth ex rel. Hall v. Hall,* 243 Pa.Super. 162, 364 A.2d 500 (1976). Where the record demonstrates that the lower court has failed to consider all factors relevant to the award of support, we will remand for a full evidentiary

---

**1.** It is worthwhile to note that Pa.R.C.P. 1910.10, in conjunction with Pa.R.C.P. 1910.11(k) and 1910.12(g), makes the filing of exceptions unnecessary where a final order of support is involved.

hearing. *Pawol v. Pawol,* 293 Pa.Super. 29, 437 A.2d 974 (1981).

*Id.* 298 Pa.Super. at 462, 444 A.2d at 1276.

In the final decree entered August 31, 1981, the trial court directed appellee to pay $175.00 a month towards the support of the parties' then eight year old son, Enrico C. Agosti II, who lived with appellant. In its opinion filed in conjunction with the final decree, the trial court stated that it had, on its own, consolidated the support action previously brought by appellant at No. 167 D.R.D.1976 with the divorce action brought by appellee at 1799 C.D.1980, and that it was incorporating in the divorce decree the assessment of $175.00 a month which had been established by a prior order of support. Although the trial court indicated that it was aware that the parties' son had some kind of "learning difficulties," it asserted an inability to evaluate those difficulties with respect to the issue of support since "neither party saw fit to explain to the Court" the "precise nature" of the same.

It is true that neither appellant nor appellee discussed in any depth the mental condition of their son, nor the economic ramifications his disability imposed, at the hearing held before the trial court on July 1, 1981. However, that hearing was purportedly held to address the issues raised by the parties in the divorce action filed at 1799 C.D.1980. Those issues only encompassed the grounds for divorce, alimony, custody and distribution of the marital property. The trial court never advised the parties at that hearing that it intended to consolidate the support action with the divorce action, nor that the question of child support would be addressed in the final decree. Consequently, the testimony adduced at the July 1, 1981, hearing was not directed towards that issue.[2]

It is obvious that any mental difficulties the minor child might have would be "relevant" in fashioning an award of

2. The fact that appellant was unrepresented by legal counsel at the hearing, and was denied a continuance until such legal counsel could be obtained, in part explains the inadequate record in this case.

support. So too would be appellee's ability to pay the amount of support ordered.[3] Because the record is lacking on these key factors, we are unable to render a proper evaluation of appellant's claims. Consequently, we must remand the case for a full evidentiary hearing on the issue of child support. *See Shank, supra.*

Case remanded.

Jurisdiction is relinquished.

---

**3.** Although there is testimony in the record concerning appellee's income (RR 29a), that testimony, as given by appellee, is not extensive nor was it subject to cross-examination.