474 A.2d 41

**COMMONWEALTH of Pennsylvania ex rel. Nancy A. TOKACH, Appellant,**

v.

**John P. TOKACH.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed March 2, 1984.

360

Jack H. France, Charleroi, for appellant.

Thomas B. Kostolansky, Donora, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

On February 23, 1982 the parties to this litigation, then husband and wife, signed an agreement which provided for the support of the couple's two minor children. The child support provision was one element in the agreement which was a comprehensive property settlement plan. The agreement was drawn in anticipation of a forthcoming divorce which was actually decreed on June 18, 1982. The divorce

decree expressly incorporated the February 23, 1982 agreement in its entirety. The agreement provided, inter alia, that the husband (appellee here) would pay $350.00 per month toward the support of his two children and that said payment was to be based on the husband's net earnings being approximately $1,200.00 per month. It does not mention the possibility that the wife (appellant) might work or what, if any, adjustments should be made in that event.

At the time the agreement was signed, the appellee was actually netting more than $1,200.00 per month and the appellant was not employed. Appellee filed his request to modify the support agreement after he experienced a change in employment which reduced his gross income to a disputed amount between approximately $1,280.00 and $1,550.00, per month. The appellant gained employment which affords her $789.00 gross income per month. The issue before us is whether under all the circumstances the hearing judge was correct in reducing appellee's monthly support payment from $350.00 to $225.00.

Appellant relies upon the decisions in *Brown v. Hall*, 495 Pa. 635, 435 A.2d 859 (1981) and *Millstein v. Millstein*, 311 Pa.Super. 495, 457 A.2d 1291 (1983), to support the argument that since the child support agreement was part of a total private property settlement it should be treated as a private contract and not altered by the court. In fact, these two decisions are distinguishable from the case before us. Both *Brown* and *Millstein* involved agreements which had not been incorporated into any order of the court and were, therefore, separate contractual agreements. In the instant case the agreement was expressly incorporated into the divorce decree of June 18, 1982.[1]

■ Although some jurisdictions recognize a distinction between *incorporation* of a settlement agreement and

1. The decree stated "I[t is further ordered that] the 'Agreement' dated the *23rd* day of *February, 1982,* by and between the said parties be incorporated in this final decree by reference as if set forth in full."

*merger* of an agreement into a divorce decree,[2] no such distinction has ever been held by a Pennsylvania appellate court to affect the power of the trial court to modify the amount of child support. We therefore hold that once a settlement agreement is incorporated into a divorce decree, either by reference or set out in full, the settlement agreement merges into the decree and should no longer be given independent effect. *See Millstein v. Millstein,* 311 Pa.Super. at 506, 457 A.2d at 1296 ("... we agree that *Brown* does imply that a separation agreement that has merged into an order will not be given effect.")

■■■■ Where there is only a court-ordered support payment obligation, the general rule is that the amount of support payments is not final and may be increased or decreased where the financial conditions of the parties change. *Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 457 A.2d 1297 (1983); *Dunbar v. Dunbar,* 291 Pa.Super. 224, 435 A.2d 879 (1981). Where, as here, the contractual agreement is merged into the court's order, the agreement takes on the identity of a court order and the contract as a separate entity ceases to exist. The hearing judge therefore was within his authority to consider the request by appellee to reduce the required monthly child support payments.

■■■■ An additional question raised by the appellant is whether the appellee met the burden of proof necessary to modify a support order. It is true that in a proceeding to modify a support order, it is the petitioner who has the burden of proving that there has been a material change in circumstances sufficient to warrant modification of the existing order. *Commonwealth v. Vogelsong, supra; Shank v. Shank,* 298 Pa.Super. 459, 444 A.2d 1274 (1982). At the hearing before the Honorable Charles G. Sweet on December 16, 1982, the petitioner, here appellee, produced current pay slips to document his earnings at that time. (H.T. pg.

**2.** *See Johnston v. Johnston,* 297 Md. 48, 465 A.2d 436 (1983) (settlement agreement incorporated, but not merged, into divorce decree remains a separate, enforceable contract).

4). In addition, although the appellee did not submit any evidence on the question, it was agreed by appellant's counsel that appellant was then earning a gross salary of $789.00 per month (H.T. pg. 4) and that at the time the agreement was made, appellant was not employed (H.T. pg. 8). We have previously held that in light of the mutual duty to support minor children, the mother's earning capacity is material to any court hearing on a petition for modification. *Shank v. Shank, supra; Berry v. Berry,* 278 Pa.Super. 30, 419 A.2d 1340 (1980). Hence, we believe that the appellee/petitioner did meet his burden of proof regarding a material change in the financial circumstances of the two parties.

In accordance with the above, and finding no abuse of discretion by the trial court, we affirm the support order of January 13, 1983.

CAVANAUGH, J., files a concurring statement.

CAVANAUGH, Judge, concurring:

I concur in the result reached by the majority. The contractual provision in question is as follows:

Husband has agreed, or is about to agree, to a consent amount, based upon his net earnings being approximately $1200.00 per month and such arrangements are being made through the Domestic Relations Office of Washington County, Pennsylvania, for $350.00 per month for two (2) children, with payroll deductions being made in the amount of $175.00 from two (2) pays each month.

Clearly, by stating that the basis of the $350.00 per month figure was husband's $1,200.00 per month income, the parties evidenced their intent that changes in economic status might precipitate changes in husband's support obligation. To construe this provision otherwise would be to treat the $1,200.00 reference as mere surplusage. Since I feel the contract itself is modifiable, I see no need to decide whether it was made modifiable by the subsequent reference to it in the divorce decree.