## Miller v. Miller

*Glenn D. McGogney,* for plaintiff.
*John R. Mondschein,* for defendant.

DIEFENDERFER, *J.,* June 20, 1984—Plaintiff, Susan Palladino Miller, filed a complaint in equity against defendant, Clair D. Miller, on June 16, 1983. In said complaint, plaintiff seeks enforcement of a marital separation agreement, which provides for child support in the amount of $170. Plaintiff

specifically requests that defendant be compelled to pay weekly the amount of the difference between $170 and the amount paid pursuant to any support order of the court and damages for arrears.[1] Defendant has filed preliminary objections to plaintiff's complaint, which are now before the court for disposition.

The marital separation agreement (hereinafter referred to as agreement) was finalized by the parties on September 12, 1980. The parties were divorced on February 9, 1981, and the above agreement was incorporated into the divorce decree. On September 19, 1980, the parties entered into an agreement for order of support, pursuant to the separation agreement; in October of 1980, a court order was entered based upon this agreed order of support for $170 per week for the support of the two minor children.

On March 8, 1982, defendant filed a petition for reduction of the October, 1980 order of court. Defendant's petition was granted on March 26, 1982 and defendant's support obligations were reduced to $135 per week for the support of the two minor children. Defendant filed a second petition for reduction on March 24, 1983; said petition was granted on May 2, 1983, reducing defendant's support obligation for the two children to $115 per week. On June 17, 1983, during a de novo hearing requested by plaintiff on said reduction, plaintiff filed a motion requesting the court to dismiss defendant's petition for modification, and to enforce paragraph 4(a) of the separation agreement. On August 31, 1983, the court denied defendant's petition for modification in

---

1. Plaintiff also seeks judgment against defendant for an amount allegedly due her pursuant to Paragraph 4(b) of the separation agreement, 25 percent of the income tax refund for the year 1980, a sum of $1,607.25 (25 percent of $6,429.00).

accordance with Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981), and Millstein v. Millstein, 311 Pa. Super. 495, 457 A.2d 1291 (1983), and vacated the reduction order of May 2, 1983. All of the above orders were entered by the domestic relations section of the court. The instant action has been filed by plaintiff on the equity side of the court.

In his preliminary objections to plaintiff's complaint in equity, defendant demurs to plaintiff's complaint, claiming that it fails to state a cause of action in equity because the separation agreement has merged with the support order and thus ceases to be an independent source of obligation on the part of defendant. In light of the recent Pennsylvania Superior Court Opinion, Commonwealth ex rel. Tokach v. Tokach, ____ Pa. Super. ____, 474 A.2d 41 (1984), we conclude that defendant's preliminary objection must be sustained. In Tokach, the parties had entered into a comprehensive property settlement agreement which contained a provision for child support. The divorce decree which was later entered expressly incorporated the property settlement agreement. The husband later filed a petition to reduce the amount of child support payments, which was granted by the lower court. The Superior Court upheld the action of the lower court, stating that where a contractual agreement is merged into a court order, the agreement takes on the identity of a court order and the contract as a separate entity ceases to exist. The court held that, in Pennsylvania, there is no distinction between *incorporation* of a settlement agreement and *merger* of an agreement into a divorce decree in regard to the court's power to modify the amount of child support. "We therefore hold that once a settlement agreement is incorporated into a divorce decree, either by reference or set out in full, the settlement

agreement merges into the decree and should no longer be given independent effect." *Commonwealth ex rel. Tokach v. Tokach*, 474 A.2d at 42. The court distinguished *Brown v. Hall, supra,* and *Millstein v. Millstein, supra,* on the basis that they both involved agreements which had not been incorporated into any order of the court and were, therefore, separate contractual agreements.

In the instant case, as in *Tokach*, the settlement agreement was expressly incorporated into the divorce decree.[2] We find the holding in *Tokach* dispositive of the present case and hold that plaintiff's complaint fails to state a cause of action in equity, as the separation agreement has merged into the divorce decree and is no longer a separate contractual obligation. Defendant's demurrer is hereby sustained.[3]

## ORDER

Now, June 20, 1984, for the reasons stated in the attached opinion, defendant's preliminary objection in the nature of a demurrer is hereby sustained.

---

2. The decree stated: "[t]he Court . . . enters a Decree in Divorce, . . . and further incorporates in said Decree the Property Settlement Agreement dated August 7, 1980, and finalized on September 12, 1980, duly executed by both parties to this action."

3. In light of the above holding, we find it unnecessary to address the remainder of defendant's preliminary objections.