**John C. TYDINGS, Appellant,**

**v.**

**Gertrude E. TYDINGS, Appellee.**

**No. 9814.**

District of Columbia Court of Appeals.

Submitted Nov. 13, 1975.

Decided Dec. 29, 1975.

James C. Cawood, Jr., Washington, D. C., for appellant.

Hal Witt, and Henry T. Goldman, Washington, D. C., for appellee.

Before FICKLING and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

## PER CURIAM:

This is an appeal from an order denying appellant's motion to modify the alimony provisions of an outstanding divorce decree. D.C. Code 1973, § 16–914. The only issue raised on appeal is whether the lower court erred in refusing to decrease appellant's weekly alimony obligation. We affirm.

Appellant and appellee were divorced on August 24, 1967, after some twenty-seven years of marriage. The divorce decree directed the payment by appellant of $60 per week alimony.

In December of 1974, appellant sought to reduce the amount of his alimony obligation, citing a change in his financial circumstances.[1] At the hearing on February 18, 1975, to consider his motion, appellant testified that he had recently retired from the Chesapeake and Potomac Telephone Company after thirty-three years of service. Appellant retired at age 55, the earliest age at which he could have retired without forfeiting his pension rights. Although appellant cited difficult working conditions, he testified that his retirement was voluntary and not due to any disability. He further stated that he was in good health and knew of no physical or psychological impediments to securing other employment. Appellant testified that before his retirement he earned a net income of $265 per week. His present net income from his retirement pension is $295 per month.[2]

The lower court denied the motion to reduce the alimony obligation holding that "the changes in [appellant's] circumstances are not sufficient to justify a reduction in the award of alimony herein." This appeal followed.

It is well settled in this jurisdiction, as in others, that a support decree can be modified only upon a showing of a substantial and material change in the conditions and circumstances of the involved parties since the entry of the decree. The burden of demonstrating the required change of circumstances rests upon the party seeking the modification. *Tuthill v. Tuthill*, D.C.App., 198 A.2d 905 (1964). See 24 Am.Jur.2d *Divorce and Separation* § 677 at 795 (1966). Moreover, the determination of whether, under the evidence presented, there has been a substantial and material change in circumstances rests within the sound discretion of the trial judge, whose decision will not be reversed on appeal absent a clear showing of abuse of discretion. *Dawson v. Dawson*, D.C. App., 193 A.2d 70 (1963).

It is well settled that if the husband's inability to pay alimony or child support is self-inflicted or voluntary, it will not constitute a ground for reduction in future payments. *Hamilton v. Hamilton*, D.C.App., 247 A.2d 421, 423 (1968);

---

1. Appellee moved for an increase in her alimony payments. This motion was denied after the hearing and no appeal was taken.

2. It should be noted that appellant remarried and presently lives with his wife. Appellant shares a common household account with his present wife, who has a net income of about $503 per month.

*Armstrong v. Armstrong,* D.C.App., 241 A.2d 735 (1968). Accordingly, voluntary reduction in income or self-imposed curtailment of earning capacity, absent a substantial showing of good faith, will not constitute such a change of circumstances as to warrant a modification. *Commonwealth v. Mazon,* 163 Pa.Super. 502, 63 A. 2d 112 (1949); *Crosby v. Crosby,* 182 Va. 461, 29 S.E.2d 241 (1944); *Lambert v. Lambert,* 66 Wash.2d 503, 403 P.2d 664 (1965). *See* 24 Am.Jur.2d *Divorce and Separation, supra.*

In the instant case, appellant's income was decreased as a result of his election to voluntarily retire. Since the decline in income was self-induced, we find that the trial court did not abuse its discretion by refusing to modify appellant's alimony obligation.

*Affirmed.*