The plaintiff has moved to strike the appearance filed in behalf of the defendant, a Connecticut corporation, by Natalie P. Smedberg. The plaintiff characterizes this appearance as "pro se," despite the lack of any such designation on the appearance form. The plaintiff's memorandum of law proceeds on the assumption that Smedberg is not an attorney authorized to practice law in this state but is an officer or other representative of the corporation. Smedberg's name appears as the signatory on the corporation check attached to the complaint. No response from the defendant has been filed disputing this assumption.
General Statutes 51-84 prohibits the practice of law by persons not licensed to do so in this state. Representing a defendant in a law suit is undoubtedly the practice of law. The statutory exception of "any person . . . practicing law or pleading at the bar of any court of this state in his own cause" is not applicable to allow one who is not an attorney to represent a corporation, except in small claims matters. American Sand and Gravel, Inc. v. Clark Fray Construction Co., Conn. Civ. Ct. 284, 285-6 (163); see Practice Book 552. A corporation itself cannot practice law or do so through its officers or employees who are not licensed as attorneys. State Bar Assoc. v. Connecticut Bank and Trust Co., 145 Conn. 222, 234 (1958).
The plaintiff's motion to strike the defendant's appearance is not sanctioned by Practice Book 152, which prescribes the use of such a motion only for addressing the legal sufficiency of a pleading or nonjoinder of a necessary party. Nevertheless, General Statutes 51-8 authorizes the court to restrain violations of the statute upon its own motion.
Accordingly, the court grants the plaintiff's motion, but also would strike the defendant's appearance suo motu. The defendant is advised that it must obtain an attorney to defend the action promptly, because otherwise the plaintiff will obtain a judgment by default.