**C. Patricia MEREDITH, Appellant,**

**v.**

**Charles E. MEREDITH, Appellee.**

**No. 91–FM–511.**

District of Columbia Court of Appeals.

Submitted May 18, 1992.

Decided Sept. 22, 1992.

Barbara D. Lindskold, Shady Side, Md., on the brief, for appellant.

Linda Ravdin, Washington, D.C., on the brief, for appellee.

Before ROGERS, Chief Judge, and TERRY and KING, Associate Judges.

KING, Associate Judge:

In this domestic dispute, the former wife (hereinafter "wife") appeals from an order of the trial court reducing the amount of alimony to be paid to her by her former husband (hereinafter "husband"). She asks that this court reverse that order and find that there was no material change in circumstances. We affirm.

The parties were divorced in 1980 and the husband was ordered to pay monthly alimony in the amount of $652. In 1990 the husband moved in the trial court to reduce the amount of alimony to be paid by him. After a hearing, the trial judge found that the husband had "demonstrated a

change in circumstances with regard to [the wife's] need for alimony." Accordingly, she reduced the amount of monthly alimony from $652 to $352.

The wife challenges the trial court ruling claiming the court: (1) erred by ordering a reduction in alimony since there was insufficient evidence of a material change in either the husband's ability to pay or the wife's need of support, or both, and (2) abused discretion by reweighing the equities between the parties.

From the evidence presented at the hearing, the trial judge concluded that the wife's annual income, other than alimony, was $30,756. The principal source of income was her employment with a travel agency; however, there were additional sums received for rent, interest and dividends. The court also found that, after reasonable monthly expenses and taxes were subtracted, the wife's monthly surplus was $140.

In contrast, the court also found that at the time of the divorce, the wife was unemployed.[1] Although the wife disputed that finding at the hearing on the instant motion, the trial court did not credit her testimony on that point in light of certain contradictory statements that had been made by the wife. The court concluded that at the time of the divorce, when the initial alimony award was made, any earnings of the wife were "considerably less than the salary and earning she currently has." There is support in the record for that finding and we have no basis for disturbing it.

Based on the above finding, the trial judge held that the husband had "demonstrated a change in circumstances with regard to the [wife's] need for alimony," concluding it would be fair and just to reduce the amount of alimony from $652 per month to $352 per month.

In reaching its conclusion, the trial judge relied upon *Alibrando v. Alibrando*, 375 A.2d 9 (D.C.1977). The wife agrees that case correctly sets forth the standards that are applicable in a proceeding, such as this one, where one spouse seeks to modify the amount of alimony to be paid to the other spouse. *Alibrando* incorporated, *id.* at 12, the written opinion of the trial court which observed:

> Again, the court *emphasizes* that the rule in this jurisdiction is that only substantially changed circumstances and conditions of the parties warrant a modification of a decree of divorce. *Thus in order to reduce or terminate alimony payment, the husband must show a change either in respect to his ability to support his wife or the wife's need for such support or both.*

*Id.* at 15 (emphasis added). The antecedent reference emphasized by this passage is the quote from *Tydings v. Tydings*, 349 A.2d 462, 463 (D.C.1975), that is set out at the beginning of the opinion of our dissenting colleague.[2]

In this case, Judge Mitchell–Rankin, citing the language quoted above, concluded that this court had established the rule that "the proponent of the modification *must show a change in circumstances either with respect to the husband's ability to pay support or in the wife's need for*

---

1. In a motion to reconsider the order reducing the amount of alimony, appellant submitted copies of the 1980 tax returns showing her income for that year was $10,509. The husband objected to consideration of the tax returns in a motion to reconsider on the ground that the tax returns should have been presented at the hearing where their applicability to the issues involved could have been explored. In any event, the most that is shown by the tax returns is that the wife had some 1980 income. The tax returns do not establish, however, that the wife was employed in October 1980 when the alimony order was entered, or that she would be receiving any income thereafter.

2. The trial court in *Alibrando* had, at an earlier point in its opinion, observed that this court had recently decided *Tydings*. It then quoted the passage referred to in the text, which is found at the beginning of the dissenting opinion, that includes the requirement that the amount of alimony can be modified "only upon a showing of a substantial and material change in the condition and circumstances of the involved parties...." *Alibrando* at 13, citing *Tydings* at 463.

*support or both."* FINDING OF FACT, CONCLUSIONS OF LAW AND ORDER MODIFYING ALIMONY 26 (emphasis added).[3] Unlike our dissenting colleague, we are confident that under these circumstances the trial judge was fully aware that the husband was obligated to show more than a simple change in circumstances in order to obtain the relief he was seeking. Indeed, on the issue of change in the wife's income, the trial judge found her income at the time of divorce to be "considerably" less than her current income.

In sum, we are satisfied that there is factual support for the finding made by the trial court with respect to both the wife's income at the time of the divorce and her income and expenses at the time of the hearing on this motion. We are also satisfied, based upon her reliance upon applicable authorities, that the trial judge was fully aware of the burden imposed upon the husband and there is ample support for her conclusion that the requisite change in circumstances to permit a reduction in the alimony payment was established. Accordingly, the order of the trial judge is

*Affirmed.*

ROGERS, Chief Judge, dissenting:

It is well settled in this jurisdiction, as in others, that a support decree can be modified only upon a showing of a substantial and material change in the conditions and circumstances of the involved parties since the entry of the decree. The burden of demonstrating the required change of circumstances rests upon the party seeking the modification. *Tydings v. Tydings,* 349 A.2d 462, 463 (D.C.1975) (citations omitted). The majority concludes that although the trial judge did not find that appellee had demonstrated a substantial and material change in cir-

cumstances, the judge did not abuse her discretion in granting appellee's motion to reduce his support payments to his former wife. But the record shows that the trial judge misstated the legal standard and found only that appellee had shown "a change in circumstances with regard to the [appellant's] need for alimony." Further, the record does not permit this court to conclude that, in the exercise of her reasoned discretion, granting a reduction was the only alternative available to the trial judge. Nor can this court make the required factual finding for the trial judge. Therefore, I respectfully dissent.

I

In her findings of fact, conclusions of law and order modifying alimony, the trial judge stated in her conclusions of law that "The Court of Appeals ... state[d] the rule to be applied when a party seeks to modify an alimony award: the proponent of the modification must show a change in circumstances either in respect to the husband's ability to pay support or in the wife's need for support or both." The trial judge was quoting from the opinion of the trial court which was appended to this court's opinion in *Alibrando v. Alibrando,* 375 A.2d 9, 15 (D.C.1977). The trial judge concluded that appellee had met his burden of proof to show "a change in circumstances with regard to [appellant's] need for alimony."

The trial judge based this conclusion on the evidence of appellant's full-time employment and rental income.[1] The judge found that when the parties were divorced in 1980, appellant was unemployed, or if employed at the time of the divorce, the part-time salary that appellant was earning at that time was considerably less than the salary and earnings that she was receiving

---

**3.** The wife also claims that the hearing judge abused discretion by reweighing the equities between the parties. *See Hamel v. Hamel,* 539 A.2d 195, 199 (D.C.1988). We find no basis for that claim. The hearing judge did make an extensive inquiry into the wife's current income and expenses to determine her current financial circumstances. That inquiry does not constitute a reweighing of the equity since the hearing judge, in order to determine whether the requi-

site change in circumstances had been established, was required to determine the wife's current financial situation.

**1.** Although the ages of the parties are not stated in the judge's findings of fact, the parties were married in 1952 and divorced in 1980. Both claim to be 64 years of age.

at the time of the hearing.[2] The judge also found that appellant currently earns an annual income of approximately $30,756.[3]

The judge further found that appellant has reasonable and necessary monthly expenses of approximately $2,088.[4] The amount was based on the judge's conclusion that appellant's necessary expenses for food were one-fourth of the amount stated in her financial statement. Although appellant testified that she purchased food for her mildly retarded adult son who lives with her, as well as for two other persons to whom she rents rooms in her home, the judge found that "her provision of food for everyone in the household is not a necessary expense," and that the full amount reflected in appellant's financial statement was not reasonable and necessary because it reflected more than her share of the groceries.

Accordingly, the judge concluded that because appellant has a monthly income after taxes of $2,231.04, leaving a net monthly surplus of $142.66, she is now capable of meeting her own needs, and, consequently, that appellee had met his burden to show "a change in circumstances with regard to [appellant's] need for alimony." The judge therefore granted appellee's motion and reduced appellant's monthly alimony from $652.00 to $352.00. The judge denied appellant's motion to alter and amend the judgment.[5]

## II

At no time did the trial judge find that appellee had shown "a substantial and material change" in appellant's circumstances. Such a finding is required before the trial court may modify a decree of divorce. *Tydings v. Tydings, supra,* 349 A.2d at 463.

The trial judge's failure to make the requisite finding may have been a result of her reliance on *Alibrando v. Alibrando, supra,* 375 A.2d at 9. In that case, the only issue on appeal was whether the unchastity of a former wife was grounds for termination of alimony. 375 A.2d at 12. Thus, the issue before the trial judge in the instant case was not addressed by this court in *Alibrando.* However, in deciding that unchastity did not warrant termination of alimony, this court appended an opinion of the trial court in that case. In the appended opinion, the trial court relied on *Tinney v. Tinney,* 209 A.2d 927 (D.C.1965), for the proposition that a change in alimony is

2. In answers to interrogatories, appellant stated that she was unemployed at the time of the divorce. The trial judge credited this evidence. At the motion hearing, appellant testified that she was working at the time of the divorce and had earned approximately $10,000 per year in 1980. The trial judge did not credit this testimony. *See* note 5, *infra.*

3. This amount is based on appellant's salary of $23,200, dividends of $150, interest income of $206, and rental income of $7,200 that she receives from renting rooms in her home.

4. This amount was based on $816 for mortgage, $180 for utilities, $112.50 for food, $260.66 for automobile payment, $125 for gasoline, $25 for car repairs, $85 for car insurance, $2.50 for tags, $45.10 for life insurance, $70 for medical expenses, $45 for "miscellaneous, recreation and vacations," and $321 for periodic payment of bills. The judge did not include state income taxes "because [appellant's] financial statement does not reflect that any deduction is made for state taxes."

5. In her motion, appellant attached IRS forms W–2, W–2P 1980 and the front page of her federal income tax return showing approximate-

ly $10,000 income in 1980. Appellant argued that it was important for the judge to appreciate that appellant's income had not increased from zero to $30,756 since the divorce. She also claimed that as a resident of Maryland her state income taxes are not withheld, but she pays approximately $58 monthly to the state of Maryland for estimated taxes; attached to the motion is Maryland Form 502 D (Declaration of Estimated Maryland Income Tax for the year 1990), showing quarterly payments of $174. Appellant further asked the trial judge to reconsider her findings regarding food costs (noting that appellee claimed he spent $475 for himself and has access to a base commissary), and to consider as well the fact that appellant must supplement her income by having roomers. Appellant claimed she is 64 years of age, has no retirement or pension plan, nor health or medical insurance. Finally, she maintained that she required the full amount of alimony to meet her expenses and maintain herself "although not nearly in the style in which [appellee] currently lives or [appellant] lived prior to her divorce." *See* note 6, *infra.*

allowed upon "a proper showing of a change in circumstances." *Alibrando, supra,* 375 A.2d at 13. *Tinney,* however, involved the original award of alimony, and did not purport to establish new law on the modification or termination of alimony.[6] *Tinney, supra,* 209 A.2d at 927 (citations omitted). This may have misled the trial judge in the instant case, even though the trial court opinion in *Alibrando* specifically quoted the language in *Tydings v. Tydings, supra,* with which I begin my opinion. *See Alibrando v. Alibrando, supra,* 375 A.2d at 13.

In any event, although the trial judge cited the page in *Alibrando* where the *Tydings v. Tydings* standard was stated, the trial judge expressly stated in her conclusions of law that "the proponent of the modification must show a change in circumstances either in respect to the husband's ability to pay support or in the wife's need for support or both." Thus, the judge misstated the standard to be applied in deciding whether to grant appellee's motion. The error is made clearer by the fact that the judge also focused in her conclusions of law on that part of the trial court's opinion in *Alibrando* which cited cases involving the original determination of the amount of alimony, namely, *McEachnie v. McEachnie,* 216 A.2d 169, 170 (D.C.1966), and *Wheeler v. Wheeler,* 88 U.S.App.D.C. 193, 195, 188 F.2d 31, 33 (1951).

Notwithstanding the clear language of *Tydings v. Tydings,* the majority concludes that "there is ample support for [the trial court's] conclusion that the *requisite* change in circumstances to permit a reduction in the alimony payment was established." Majority opinion at 4 (emphasis added). The trial judge never stated such a factual or legal conclusion, to wit that the "requisite" change had been shown as would meet the requirements of *Tydings v. Tydings, supra.* A finding of "a change in circumstances" is not what our case law requires, and that is all the trial judge found.

The record does not permit this court to conclude, moreover, that the trial judge, in the exercise of her reasoned discretion, was required to find that appellant had experienced substantially changed circumstances since the parties' divorce.[7] *See Johnson v. United States,* 398 A.2d 354, 364 (D.C. 1979) ("facts may leave the trial court with but one option it may choose without abusing its discretion"). The trial judge found, based on appellant's monthly income (including interest, dividend and *rental* income) and her reasonable and necessary expenses as found by the court (*excluding* expenses incurred to feed her son and her two boarders and to pay state income taxes), that appellant had a monthly surplus of $142.66 in income. At the time of the hearing, however, appellant was supporting a mentally retarded adult son,[8] and was

---

6. In his brief on appeal, appellee does not suggest that the payment of alimony was "unduly burdensome," which *Tinney* noted was a circumstance allowing the husband "to seek a suitable adjustment by making a proper showing of a change in circumstances." *Tinney, supra,* 209 A.2d 927, quoted in *Alibrando, supra,* 375 A.2d at 13. The trial judge in the instant case made no such finding either. Rather, the trial judge found that appellee's annual income had risen since the divorce from $45,000 to $109,323.12.

7. In *Alibrando, supra,* the trial court emphasized that "the primary factors which should serve as an objective beginning when confronting the question of permanent alimony"—quoting from *McEachnie v. McEachnie,* 216 A.2d 169, 170 (D.C.1966):

> the duration of the marriage, the ages and health of the parties, their respective financial

positions ... the wife's [or husband's] contribution to the family support and property ownership, the needs of the wife [or husband] and the husband's [or wife's] ability to contribute thereto, and the interest of society generally in preventing her [or him] from becoming a public charge

"obtain increased significance when addressing questions concerning the termination [or modification] of alimony, for it is these factors which bear most heavily upon the questions of changed financial conditions." *Alibrando, supra,* 375 A.2d at 13.

8. Appellant testified that she claims her son as a dependent on her income tax returns and that she provides her son with food, housing, clothing, and "whatever is necessary to his wellbeing [sic]." Appellant further testified that in 1990 her dependent son earned $14,750 from his employment.

without health insurance or pension benefits, and still had to pay state income taxes.

Furthermore, as appellant pointed out in the trial court and on appeal, the trial judge could not reweigh the equities between the parties in granting appellee's motion. *See Hamel v. Hamel,* 539 A.2d 195, 199 (D.C.1988) (although support decree is subject to modification, it is not "a procedural means of reviewing the equities of the prior decree" (quoting *Hamilton v. Hamilton,* 247 A.2d 421, 423 (D.C.1968))). Nothing in the record indicates that appellant was not taking care of her son at the time of the parties' divorce, nor that she was not solely responsible for paying the mortgage on her home. On appeal, appellant contends that she rents the rooms in her home in order to be able to pay the mortgage.

Under these circumstances, the trial judge clearly was not required to find either that appellant had a monthly surplus of $142.66 or that such a surplus constituted a substantial and material change in her circumstances as would warrant a reduction of $300.00 in her monthly alimony. On the other hand, to grant appellee's motion to reduce his alimony payments, the trial judge was required to find that appellee had met his burden to show a material and substantial change in circumstances. Accordingly, because the trial judge both misstated the legal standard and failed to make the required finding of fact, I would reverse.